UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT W. AHLSTROM,<br><br>            Plaintiff,<br><br>    v.<br><br>DHI MORTGAGE COMPANY, LTD., L.P.,<br><br>            Defendant. | Case No. 19-cv-03435-BLF<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO SUBSTITUTE**<br><br>[Re: ECF No. 50] |

Plaintiff Robert W. Ahlstrom brought suit on behalf of himself and a putative class of others similarly situated against Defendants DHI Mortgage Company, Ltd. L.P. ("DHIM Ltd.") and DOES 1 to 50 (collectively, "Defendants") for state law wage and hour and contract violations. *See generally* ECF 1-1 ("Compl."). On November 3, 2022, Plaintiff, through counsel, filed a motion notifying the Court that Named Plaintiff Robert W. Ahlstrom passed away and requesting to substitute the Estate of Robert W. Ahlstrom as Named Plaintiff. ECF No. 50, Ex. A ("Mot."); *see also* ECF No. 54 ("Reply"). Defendant DHIM Ltd. ("Defendant") opposes the motion. ECF No. 51 ("Opp."). The Court finds the matter suitable for submission without oral argument and thus VACATES the hearing set for March 23, 2022 at 9:00 a.m. *See* Civ. L.R. 7-1(b). For the reasons explained below, the Court GRANTS the motion.

Rule 25 addresses the death of a party: "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). "In deciding a motion to substitute under Rule 25(a)(1), a court must consider whether: (1) the motion is timely, (2) the claims pled are extinguished; and (3)

1   the person being substituted is a proper party." *Veliz v. Cinta Corp.*, No. C 03-1180 RS, 2008 WL
2   2811171, at *1 (N.D. Cal. July 17, 2008) (footnote omitted). "If Rule 25(a)(1) is met, '[t]he
3   substituted party steps into the same position as [the] original party.'" *Id.* (quoting *Hilao v. Estate*
4   *of Marcos*, 103 F.3d 762, 766 (9th Cir. 1996)).

5           Here, the Court finds that the motion satisfies the requirements of Rule 25(a). First, the
6   motion is timely, as Plaintiff's attorney filed a Suggestion of Death on October 13, 2022, and the
7   motion to substitute was filed on November 3, 2022. *See* ECF No. 47; Mot. Second, the claims
8   are not extinguished. "The question of whether an action survives the death of a party must be
9   determined by looking towards the law, state or federal, under which the cause of action arose."
10  *Stribling v. Lucero*, No. 2:16-cv-01438-TLN-JDP, 2021 WL 516849, at *1 (E.D. Cal. Feb. 11,
11  2021) (quoting *Cont'l Assurance Co. v. Am. Bankshares Corp.*, 483 F. Supp. 175, 177 (E.D. Wis.
12  1980)). "The test for survivorship hinges on whether the statutory provision is primarily penal in
13  nature or remedial in nature." *Id.* (citing *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483
14  (N.D. Cal. 2004)). Plaintiff brings five claims under the California Labor Code, one claim under
15  California's Unfair Competition Law, one claim under the Federal Labor Standards Act, and two
16  California common law claims. *See generally* Compl. As argued by Plaintiff, these claims are all
17  remedial in nature. The Court finds they are not extinguished. *See* Cal. Code Civ. Proc. §
18  377.20(a) ("Except as otherwise provided by statute, a cause of action for or against a person is
19  not lost by reason of the person's death, but survives subject to the applicable limitations
20  period."); *Veliz*, 2008 WL 2811171, at *1 n.2 (stating there is "ample case law" that FLSA claims
21  are not extinguished upon the plaintiff's death). Defendant does not argue otherwise. *See* Opp.

22          Third, the Estate is a proper party. "The rule defines the 'proper party' for substitution as
23  either 'the decedent's successor or representative.'" *Gilmore v. Lockard*, No. 1:12-cv-00925-
24  NONE-SAB (PC), 2020 WL 3288417, at *2 (E.D. Cal. June 18, 2020). The Court must look to
25  California law to determine a "proper party" for purposes of Rule 25(a)(1). *See Chalfant v. United*
26  *of Omaha Life Ins. Co.*, No. 15-cv-03577-HSG, 2016 WL 4539453, at *1 (N.D. Cal. Aug. 31,
27  2016). California law defines "personal representative" as an "executor, administrator, . . .
28  successor personal representative . . . or a person who performs substantially the same function

1  under the law of another jurisdiction governing the person's status." Cal. Prob. Code § 58(a).
2  California law defines "decedent's successor in interest" as "the beneficiary of the decedent's
3  estate or other successor in interest who succeeds to a cause of action or to a particular item of the
4  property that is the subject of a cause of action." Cal. Code Civ. Proc. § 377.11.  And the term
5  "beneficiary of the decedent's estate" means a beneficiary named in a will or a beneficiary under
6  California intestacy rules.  Cal. Code Civ. Proc. § 377.10.  Mr. Ahlstrom died without a will and
7  was never married, and his surviving daughter, Kianna L. Ahlstrom, is the sole beneficiary of his
8  estate.  Declaration of Kianna L. Ahlstrom, ECF No. 48-1 ¶ 3.  She is therefore the proper party
9  for substitution.  *See Martinez v. Animal Health Int'l*, No. 1:21-CV-00965-JLT-SKO, 2022 WL
10 2791171, at *2 (E.D. Cal. July 15, 2022) (substituting surviving children under California law
11 when decedent died intestate).

12 Defendant's main argument in opposition is that the Estate cannot be the representative for
13 a class or collective action.  *See* Opp. at 7-13.  But these arguments are being made under Rule 23
14 and, as noted by Plaintiff, are properly addressed on a motion for class certification.  *See* Reply at
15 1-4.  Defendant next argues that it will be prejudiced by the substitution because it did not have
16 the opportunity to conduct discovery as to Mr. Ahlstrom.  *See* Opp. at 13-14.  But in the case
17 Defendant points to in support of its prejudice argument, the court *granted* the motion to substitute
18 even though seven years had passed since the decedent's death.  *See Gilmore*, 2020 WL 3288417,
19 at *3.  The Court finds Defendant has not shown prejudice here.  And finally, Defendant argues
20 that the motion should be denied because there is no Estate and Ms. Ahlstrom has not been
21 appointed personal representative.  *See* Opp. at 14.  But, for the reasons discussed above, Ms.
22 Ahlstrom is the proper party for substitution under California law.

23 //
24 //
25 //
26 //
27 //
28 //

1    For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff's motion to substitute
2 the Estate of Robert W. Ahlstrom through Kianna Ahlstrom for Robert W. Ahlstrom is
3 GRANTED.  The Clerk SHALL substitute the Estate of Robert W. Ahlstrom through Kianna
4 Ahlstrom as Plaintiff and class representative in place of Robert W. Ahlstrom.

Dated:  January 18, 2023

_____
BETH LABSON FREEMAN
United States District Judge