Shaun Setareh (Cal. State Bar No. 204514)
    shaun@setarehlaw.com
Thomas Segal (Cal. State Bar No. 222791)
    thomas@setarehlaw.com
Farrah Grant (Cal. State Bar No. 293898)
    farrah@setarehlaw.com
SETAREH LAW GROUP
9665 Wilshire Boulevard, Suite 430
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff
ROBERT W. AHLSTROM

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT W. AHLSTROM, on behalf of himself, all others similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>DHI MORTGAGE COMPANY LTD. L.P., a Texas limited partnership; and DOES 1 through 50, inclusive,,<br><br>        Defendants. | No. 5:19-cv-03435-BLF<br><br>**REVISED [PROPOSED] ORDER:**<br><br>**(1) PRELIMINARILY APPROVING PROPOSED SETTLEMENT;**<br><br>**(2) CONDITIONALLY CERTIFYING SETTLEMENT CLASSES;**<br><br>**(3) APPROVING CLASS NOTICE AND RELATED MATERIALS; AND**<br><br>**(4) SETTING HEARING FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Date:   June 27, 2024<br>Time:  9:00 a.m.<br>Place:  Courtroom 3 |

- 1 -

Plaintiff's Motion for Preliminary Approval of Class Settlement (the "Motion") came on regularly for hearing before this court on June 27, 2024 at 9:00 a.m.  At the hearing on the parties' motion for preliminary approval of settlement, the Court identified necessary revisions to the class notice, which the parties have made in the Amendment to the Class Action Settlement Agreement and Release, attached as Exhibit 1. The Court, having considered the proposed Settlement Agreement (the "Settlement"), attached as Exhibit A to the Declaration of Shaun Setareh filed concurrently with the Motion and the Amendment to the Class Action Settlement Agreement and Release (attached as Exhibit 1); having considered the Motion, Memorandum of Points and Authorities in support thereof, and any argument presented at the hearing on the Motion; and good cause appearing, HEREBY ORDERS THE FOLLOWING:

1.    The Court GRANTS preliminary approval of the class action settlement as set forth in the Settlement and finds its terms to be within the range of reasonableness of a settlement that ultimately could be granted approval by the Court at a Final Approval Hearing.  For purposes of the Settlement only, the Court finds that the proposed settlement classes are ascertainable and that there is a sufficiently well-defined community of interest among the members of the settlement classes in questions of law and fact.  Therefore, for settlement purposes only, the Court grants conditional certification of the following settlement classes, which are defined as follows:

The class to be conditionally certified for settlement is defined as all DHI California non-exempt employees who worked as mortgage loan officers, loan originators, licensed loan originator assistants, and unlicensed loan originator assistants from March 27, 2015 through the date of preliminary approval. (Agreement, § 7c.)

The PAGA Group is all DHI non-exempt employees who worked as mortgage loan officers, loan originators, licensed loan originator assistants, and unlicensed loan originator assistants in California from August 4, 2016 through the date of the trial court judgment date (i.e. November 2021). (*Id.* § 7d.)

The FLSA Collective members in the Class Action are all DHI California non-exempt employees who worked mortgage loan officers, loan originators, licensed loan originator assistants, and unlicensed loan originator assistants from March 27, 2016 through the date of conditional

approval.  (*Id*. § 7f.)

2.      The Court conditionally certifies the Class solely for purposes of Settlement pursuant to Rule 23, Federal Rules of Civil Procedure, and conditionally certifies the FLSA Collective members as a collective action solely for purposes of Settlement, pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3.      For purposes of the Settlement, the Court designates Plaintiff as Class Representative, and designates Shaun Setareh, Thomas Segal, and Farrah Grant of Setareh Law Group as Class Counsel.

4.      The Court designates ILYM Group Inc. as the third-party Settlement Administrator for mailing notices.

5.      The Court approves, as to form and content, the Amended Notice and Consent to Join form (Exhibits 1 and 3 to the Settlement Agreement).

6.      The Court finds that the form of notice to the Class Members and the FLSA Collective Members regarding the pendency of the action and of the Settlement, and the methods of giving notice to Class Members, constitute the best notice practicable under the circumstances, and constitute valid, due, and sufficient notice to all Settlement Class members.  The form and method of giving notice satisfies the requirements of law and due process.

7.      The Court further approves the procedures for Class Members to opt out of the Settlement, FLSA Class Members to opt into the Settlement, and all Class Members to object to the Settlement, as set forth in the Notice.

8.      The Court directs the Settlement Administrator to mail the Class Notice to the Class Members in accordance with the terms of the Settlement.

9.      The Notice shall provide at least 45 calendar days' notice from the date of initial mailing for California Class Members to opt out of the Settlement, FLSA Class Members to opt into the Settlement, and all Class Members to object to the Settlement, as set forth in the Notice.

10.     The Final Approval Hearing on the question of whether the Settlement should be finally approved as fair, reasonable, and adequate is scheduled for January 16, 2025 at 9:00 a.m.

Counsel for the parties shall file a motion for final approval of the Settlement no later than 15 days before the Final Approval Hearing.

11. At the Final Approval Hearing, the Court will consider: (a) whether the Settlement should be finally approved as fair, reasonable, and adequate for the Classes; (b) whether a judgment granting final approval of the Settlement should be entered; and (c) whether Plaintiff's application for reasonable attorneys' fees, reimbursement of litigation expenses, representative payment to Plaintiff, and settlement administration costs should be granted.

12. An implementation schedule is below:

| Event | Date |
|---|---|
| Defendant to provide Class Data to Settlement Administrator no later than [45 days after preliminary approval]: | September 13, 2024 |
| Settlement Administrator to mail Class Notice Packets to Class Members no later than [60 days after preliminary approval]: | September 28, 2024 |
| Deadline for Class Members to opt out, opt in, or object to, the Settlement, or submit disputes to the Settlement Administrator [45 days after mailing of Class Notice Packets]: | November 11, 2024 |
| Deadline for Parties to jointly file Motion for Final Approval of Class Action Settlement: | December 12, 2024 |
| Final Approval Hearing | January 16, 2025 at 9:00am |

14. Pending the Final Approval Hearing, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement and this Order, are stayed.

15. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Class Members. The Court retains jurisdiction to consider all further applications arising out of or in connection with the Settlement.

**IT IS SO ORDERED.**

Dated: July 30, 2024

_____
The Honorable Beth Labson Freeman
District Court Judge

- 4 -

REVISED [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT

# EXHIBIT  1

*Robert W. Ahlstrom v. DHI Mortgage Company LTD. L.P.*

## <u>AMENDMENT TO THE CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE</u>

This Amendment to the Class Action Settlement Agreement and Release by and between Plaintiff and Defendant ("<u>Amendment</u>") is entered into by and between the Estate of Robert W. Ahlstrom through Kianna Ahlstrom ("<u>Plaintiff</u>"), individually and on behalf of the settlement class, collective, aggrieved employees, and State of California, on the one hand, and DHI Mortgage Company LTD. L.P. ("<u>DHI</u>") on the other hand. The term "Party" or "Parties" as used herein shall refer to Plaintiff, DHI, or both, as may be appropriate.

1.    **<u>Recitals.</u>**  This Amendment is made with reference to the following facts:

a)  On January 12, 2024, the Parties entered into a Class Action Settlement and Release Between Plaintiff and Defendant ("<u>Settlement Agreement</u>").

b)  On March 18, 2024, Plaintiff sought approval of the Settlement Agreement in the matter of *Robert W. Ahlstrom v. DHI Mortgage Company Ltd. L.P.* in the United States District Court, Northern District of California, Cas No. 5:19-cv-03435-BLF (the "<u>Action</u>").

c)  On June 27, 2024, at the hearing on Plaintiff's Motion for Preliminary Approval, the Court required changes to the terms of the settlement agreement, as described below. As such, this Amendment will modify the provisions of the Settlement Agreement as set forth herein.  Except as expressly modified in this Amendment, the Settlement Agreement otherwise remains in effect and unmodified.

2.    **<u>Amendment to the Settlement Agreement</u>**

a)  The sentence "The amounts of any voided settlement checks shall be distributed to Alliance for Children's Rights" in paragraph 29 shall be amended to read, and replaced with, "The amounts of any voided settlement checks shall be distributed to a non-profit organization approved by the Court."

b)  Any reference to "Robert W. Ahlstrom, through his next of kin Kianna Ahlstrom" within the Settlement Agreement shall hereby be replaced with and amended to read "The Estate of Robert W. Ahlstrom through Kianna Ahlstrom."

Further, Kianna Ahlstrom's signature block in the Settlement Agreement as "Kianna Ahlstrom for Robert Ahlstrom, Class Representative," shall be replaced with, and was intended to be signed as "The Estate of Robert W. Ahlstrom through Kianna Ahlstrom."

c)  The sentence in Paragraph 7(c) that states:

"The Settlement Class in the Class Action is all DHI California non-exempt employees who worked as mortgage loan officers or similar position from March 27, 2015 through the date of preliminary approval."

*Robert W. Ahlstrom v. DHI Mortgage Company LTD. L.P.*

shall be amended to:

> "The Settlement Class in the Class Action is all DHI California non-exempt employees who worked as mortgage loan officers, loan originators, licensed loan originator assistants, and unlicensed loan originator assistants, from March 27, 2015 through the date of preliminary approval."

d)  The sentence in Paragraph 7(d) that states:

> "The PAGA Group in the PAGA Action is all DHI non-exempt employees who worked as mortgage loan officers or similar positions in California from August 4, 2016 through the date of the trial court judgment date (i.e. November 2021)"

shall be amended to:

> "The PAGA Group in the PAGA Action is all DHI non-exempt employees who worked as mortgage loan officers, loan originators, licensed loan originator assistants, and unlicensed loan originator assistants in California from August 4, 2016 through the date of the trial court judgment date (i.e. November 2021)."

e)  The sentence in Paragraph 7(f) that states:

> "The Collective members in the Class Action are all DHI California non-exempt employees who worked as mortgage loan officers or similar positions from March 27, 2016 through the date of conditional approval."

shall be amended to:

> "The Collective members in the Class Action are all DHI California non-exempt employees who worked as mortgage loan officers, loan originators, licensed loan originator assistants, and unlicensed loan originator assistants from March 27, 2016 through the date of conditional approval."

f)  The Notice of Settlement attached as Exhibit 2 to the Settlement Agreement shall be replaced by the Notice of Settlement attached hereto as Exhibit 3, and all reference to "Exhibit 2" in the Settlement Agreement will become a reference to Exhibit 3, as attached hereto.

3.    **No Further Modification.** Except as specifically set forth in this Amendment, all of the terms and provisions of the Settlement Agreement shall remain unmodified and in full force and effect.

/ / /

/ / /

/ / /

*Robert W. Ahlstrom v. DHI Mortgage Company LTD. L.P.*

4.    **Counterparts.**  This Amendment may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one agreement, which shall be binding upon and effective as to all Parties as set forth herein.  Copies and facsimile transmissions of signatures shall be considered the same as an original signature

DATED: July 18, 20, 2024          SETAREH LAW GROUP

By: ID qhHSPpXu59izM8TXKykTgmpV
                   Shaun Setareh, Esq.
                   Attorneys for Plaintiff

DATED: July 18, 2024          KIANNA AHLSTROM

By: ID Ao23zr2FSpmpmgdcdBUo3b98
                   For The Estate of Robert W. Ahlstrom through Kianna Ahlstrom

DATED: _____, 2024          DHI MORTGAGE COMPANY LTD L.P.

By: _____

Its: _____

DATED: _____, 2024          WOOD SMITH HENNING & BERMAN LLP

By: _____
                   Jason C. Ross, Esq.
                   Attorneys for Defendant

*Robert W. Ahlstrom v. DHI Mortgage Company LTD. L.P.*

4.     **Counterparts.**  This Amendment may be executed in counterparts, and when each Party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one agreement, which shall be binding upon and effective as to all Parties as set forth herein.  Copies and facsimile transmissions of signatures shall be considered the same as an original signature

DATED: _____, 2024          SETAREH LAW GROUP


By:_____
          Shaun Setareh, Esq.
          Attorneys for Plaintiff

DATED: _____, 2024          KIANNA AHLSTROM


By:_____
          For The Estate of Robert W. Ahlstrom through Kianna Ahlstrom

DATED: JULY 29, 2024          DHI MORTGAGE COMPANY LTD L.P.

By:_____

Its: _____ ASST. VP _____

DATED: July 29, 2024          WOOD SMITH HENNING & BERMAN LLP


By:_____
          Jason C. Ross, Esq.
          Attorneys for Defendant

# EXHIBIT 3

# COURT-APPROVED NOTICE OF CLASS, COLLECTIVE, AND PAGA ACTION SETTLEMENTS AND HEARING DATE FOR FINAL COURT APPROVAL

***The United States District Court for the Northern District of California authorized this Notice. Read it carefully! It's not junk mail, spam, an advertisement, or solicitation by a lawyer. You are not being sued.***

**You may be eligible to receive money** from an employee class action, collective action, and Private Attorneys General Act lawsuit ("Actions") against DHI Mortgage Company LTD, L.P. ("DEFENDANT") for alleged wage and hour violations. The Actions were filed by a former employee Robert Ahlstrom ("Plaintiff") and seeks payment of (1) back wages and other relief for a class consisting of all of Defendant's California non-exempt employees who worked as mortgage loan officers, loan originators, licensed loan originator assistants, and unlicensed loan originator assistants from March 27, 2015 through [*the date of preliminary approval of the settlement*]; (2) back wages and other relief for a collective action under the Fair Labor Standards Act ("FLSA") consisting of all of Defendant's California non-exempt employees who worked as mortgage loan officers, loan originators, licensed loan originator assistants, and unlicensed loan originator assistants from March 27, 2016 through [*date of conditional approval*], and (3) penalties under the California Private Attorney General Act ("PAGA") for all non-exempt employees who worked for DEFENDANT in California as mortgage loan officers, loan originators, licensed loan originator assistants, and unlicensed loan originator assistants from August 4, 2016 through the date of the trial court judgment date (i.e. November 2021). DEFENDANT vehemently denies the claims and allegations, and contends it complied with all applicable laws and obligations. The Court has made no finding of wrongdoing or liability against DEFENDANT.

The proposed Settlement has three main parts: (1) a Class Settlement requiring DEFENDANT to fund Individual Class Payments, (2) a Collective Action Settlement for an FLSA claim, and (3) a PAGA Settlement requiring DEFENDANT to fund Individual PAGA Payments and pay a sum to the California Labor and Workforce Development Agency ("LWDA").

Based on DEFENDANT's records, and the Parties' current assumptions, **your Individual Class Payment is estimated to be $_____(less withholding), your Individual Collective Payment is estimated to be $____, and your Individual PAGA Payment is estimated to be $_____**. The actual amount you may receive likely will be different and will depend on a number of factors. (If no amount is stated for your Individual PAGA Payment, then according to DEFENDANT's records you are not eligible for an Individual PAGA Payment under the Settlement because you didn't work during the PAGA Period.)

The above estimates are based on DEFENDANT's records showing that **you worked ___ workweeks** during the Class Period and _____ workweeks during the Collective Period. If you believe that you worked more workweeks, you can submit a challenge by the deadline date of [***insert 45 days from initial mailing***]. See Section 4 of this Notice.

The Court has already preliminarily approved the proposed Settlement and approved this Notice. The Court has not yet decided whether to grant final approval. Your legal rights are affected whether you act or do not act. Read this Notice carefully. You will be deemed to have carefully read and understood it. At the Final Approval Hearing, the Court will decide whether to finally approve the Settlement and how much of the Settlement will be paid to Plaintiff and Plaintiff's attorneys ("Class Counsel"). The Court will also decide whether to enter a judgment that requires DEFENDANT to make payments under the Settlement and requires Class Members and Aggrieved Employees to give up their rights to assert certain claims against DEFENDANT.

If you worked for DEFENDANT during the Class Period, Collective Period and/or the PAGA Period, you have the following options under the Settlement:

    **(1) Do Nothing**. You don't have to do anything to be eligible for an Individual Class Payment and/or an Individual PAGA Payment. As a Participating Class Member, though, you will give up your right to assert Class Period wage claims and PAGA Period penalty claims against Defendant. **However, if you fail to return the opt-in notice, you will not be part of the FLSA Collective Action, and will not receive your Collective Payment for the FLSA claim. See Section 8 below.**

    **(2) Opt-Out of the Class Settlement**. You can exclude yourself from the Class Settlement (opt-out) by mailing a written Request for Exclusion. If you opt-out of the Settlement, you will not receive an Individual Class Payment. You will, however, preserve your right to personally pursue Class Period wage claims against DEFENDANT, and, if you are an Aggrieved Employee, remain eligible for an Individual PAGA Payment. You cannot opt-out of the PAGA portion of the proposed Settlement.

    **(3) Opt-In to the Collective Action Settlement.** Plaintiff pursued a group (i.e. collective) claim under the FLSA. To receive payment (if any) for that claim, you must complete and return the opt-in form within 45 days. If you do not, you will not receive any payment for that claim, but will preserve any right you might have to pursue an FLSA claim (if any). If you opt in, you will receive your Individual Collective Payment allocation for the FLSA claim, and will give up your right to assert an FLSA claim against Defendant. Whether you opt in or not will not impact your participation as a Class Member or in the PAGA portion of the Settlement.

**DEFENDANT will not retaliate against you for any actions you take with respect to the proposed Settlement.**

**SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT**

| | |
|---|---|
| **You Don't Have to Do Anything to Participate in the Settlement** | If you do nothing, you will be a Participating Class Member, eligible for an Individual Class Payment and an Individual PAGA Payment (if any). In exchange, you will give up your right to assert the wage claims against DEFENDANT that are covered by these Settlement (Released Claims).  However, if you do not return the opt-in notice described at Section 8, you will not be part of the FLSA Collective Action and will not receive your Individual Collective Payment (if any).. |
| **You Can Opt-out of the Class Settlement but not the PAGA Settlement**  **The Opt-out Deadline is [*insert 45 days from initial mailing*]** | If you don't want to fully participate in the proposed Settlement, you can opt-out of the Class Settlements by mailing the Administrator a written Request for Exclusion. If you opt out of the Class Settlement, you will be a Non-Participating Class Member and no longer eligible for an Individual Class Payment. Non-Participating Class Members cannot object to any portion of the proposed Settlement. See Section **6** of this Notice.  You may also decline to return the FLSA Collective Action opt-in notice at Section 8.  As noted, if you do not, you will not be part of the FLSA Collective Action. You cannot opt-out of the PAGA portion of the proposed Settlement. DEFENDANT must pay Individual PAGA Payments to all Aggrieved Employees and the Aggrieved Employees must give up their rights to pursue Released Claims (defined below). |
| **Opt-In to FLSA Collective Settlement** | To receive your Individual Collective Payment (if any) for the FLSA claim portion of the Settlement, you must complete and return the opt-in form within 45 days.  If you do not, you will not receive that payment, but will preserve any right you might have to pursue an FLSA claim (if any).  If you do opt in, you will receive this payment allocation (if any), and will give up your right to assert an FLSA claim against DEFENDANT.  Whether you opt in or not will not impact your participation as a Class Member or in the PAGA portion of the Settlement. |
| **Participating Class Members Can Object to the Class Settlement but not the PAGA Settlement**  **Written Objections Must be Submitted by [*insert 45 days from initial mailing*]** | All Class Members who do not opt-out ("Participating Class Members") can object to any aspect of the proposed Settlement. The Court's decision whether to finally approve the Settlements will include a determination of how much will be paid to Class Counsel and Plaintiff who pursued the Action on behalf of the Class. You are not personally responsible for any payments to Class Counsel or Plaintiff, but every dollar paid to Class Counsel and Plaintiff reduces the overall amount paid to Participating Class Members. You can object to the amounts requested by Class Counsel or Plaintiff if you think they are unreasonable. See Section **7** of this Notice. |

| **You Can Participate in the Final Approval Hearing** | The Court's Final Approval Hearing is scheduled to take place on _____. You don't have to attend but you do have the right to appear (or hire an attorney to appear on your behalf at your own cost). See Section **8** of this Notice. |
|---|---|
| **You Can Challenge the Calculation of Your Workweeks/Pay Periods**<br><br>**Written Challenges Must be Submitted by** | The amount of your Individual Class and Collective Payment (if any) depends on how many workweeks you worked at least one day during the Class Period. The number of Class Period and Collective Period Workweeks you worked according to DEFENDANT's records is stated on the first page of this Notice. If you disagree with either of these numbers, you must challenge it by *[insert 45 days from initial mailing]*. See Section **4** of this Notice. |

## 1.   WHAT IS THE ACTION ABOUT?

Plaintiff was a former employee of DEFENDANT. The Actions allege DEFENDANT violated California labor laws by failing to pay all hourly wages and wages due upon termination, failing to provide meal periods and rest breaks, and failing to furnish compliant wage statements. Plaintiff also alleges breach of written contract and breach of the implied covenant of good faith and fair dealing. Plaintiff has also asserted a claim for civil penalties under PAGA. Plaintiff is represented by Shaun Setareh of Setareh Law Group ("Class Counsel.")

DEFENDANT strongly denies the allegations and claims, and denies that it supposedly violated any laws.  It contends it complied with all applicable laws and obligations.  The Court has made no finding of liability or wrongdoing against DEFENDANT, who denies same.

## 2.   WHAT DOES IT MEAN THAT THE ACTION HAS SETTLED?

So far, the Court has made no determination whether DEFENDANT or Plaintiff is correct on the merits. In the meantime, Plaintiff and DEFENDANT hired an experienced, neutral mediator in an effort to resolve the Actions by negotiating an end to the case by agreement (settle the case) rather than continuing the expensive and time-consuming process of litigation. The negotiations were successful. By signing a lengthy written settlement agreement ("Agreement") and agreeing to jointly ask the Court to enter a judgment ending the Actions and enforcing the Agreement, Plaintiff and DEFENDANT have negotiated a proposed Settlement that is subject to the Court's Final Approval. Both sides agree the proposed Settlement is a reasonable compromise of highly disputed claims. By agreeing to settle, DEFENDANT does not admit any violations or concede the merit of any claims, and still denies same.

Plaintiff and Class Counsel strongly believe the Settlement is a good deal for you because they believe that: (1) DEFENDANT has agreed to pay a fair, reasonable and adequate amount considering the strength of the claims, the relevant defenses, and the risks and uncertainties of continued litigation; and (2) Settlement is in the best interests of the Class Members, Collective

Members and Aggrieved Employees. The Court preliminarily approved the proposed Settlement as fair, reasonable and adequate, authorized this Notice, and scheduled a hearing to determine Final Approval.

### 3. WHAT ARE THE IMPORTANT TERMS OF THE PROPOSED SETTLEMENT?

1. <u>DEFENDANT Will Pay $300,000 as the Gross Settlement Amount (Gross Settlement)</u>. DEFENDANT has agreed to deposit $300,000 into an account controlled by the Administrator of the Settlement. The Administrator will use the Gross Settlement to pay the Individual Class Payments, Individual Collective Payments, Individual PAGA Payments, Class Representative Service Payment, Class Counsel's attorney's fees and expenses, the Administrator's expenses, and amount to be paid to the California Labor and Workforce Development Agency ("LWDA"). Assuming the Court grants Final Approval, DEFENDANT will fund the Gross Settlement not more than 30 days after the final Judgment entered by the Court becomes final. The Judgment will be final on the date the Court enters Judgment, or a later date if Participating Class Members object to the proposed Settlements or the Judgment is appealed.

2. <u>Court Approved Deductions from Gross Settlement.</u> At the Final Approval Hearing, Plaintiff and/or Class Counsel will ask the Court to approve the following deductions from the Gross Settlement, the amounts of which will be decided by the Court at the Final Approval Hearing:

    A. Up to $100,000 (one third of the Gross Settlement) to Class Counsel for attorneys' fees and up to $55,000 for their litigation expenses. To date, Class Counsel have worked and incurred expenses on the Action without payment.

    B. Up to $10,000 as a Class Representative Award for the Estate of Robert W. Ahlstrom through Kianna Ahlstrom for filing the Actions, working with Class Counsel and representing the Class. A Class Representative Award will be the only monies Plaintiff will receive other than Plaintiff's Individual Class Payment and any Individual PAGA Payment (if any).

    C. Approximately $3,500 to the Administrator for services administering the Settlement.

    D. Up to $20,000 for PAGA Penalties, allocated 75% to the LWDA PAGA Payment and 25% in Individual PAGA Payments to the Aggrieved Employees based on their pro rata share.

    Participating Class Members have the right to object to any of these deductions. The Court will consider all timely objections.

3. <u>Net Settlement Distributed to Class Members and Collective Members</u>. After making the above deductions in amounts approved by the Court, the Administrator will distribute the rest of the Gross Settlement (the "Net Settlement") by making Individual Class Payments to Participating Class Members based on their Individual Work Weeks.

Seventy five percent (75%) of the Net Settlement will be distributed to Class Members and twenty five percent (25%) will be distributed to Collective Members.

4. <u>Taxes Owed on Payments to Class Members.</u> Plaintiff and DHI are asking the Court to approve an allocation of 50% of each Individual Class Payment and Individual Collective Payment to taxable wages("Wage Portion") and 50% to interest and penalties ("Non-Wage Portion"). The Wage Portion is subject to withholdings and will be reported on IRS W-2 Forms. DHI will pay employer payroll taxes it owes on the Wage Portion out of the Gross Settlement Amount. The Individual PAGA Payments are counted as penalties rather than wages for tax purposes. The Administrator will report the Individual PAGA Payments and the Non-Wage Portions of the Individual Class and Individual Collective Payments on IRS 1099 Forms.

Although Plaintiff and DHI have agreed to these allocations, neither side is giving you any advice on whether your Payments are taxable or how much you might owe in taxes. You are responsible for paying all applicable taxes (including penalties and interest on back taxes) on any Payments received from the proposed Settlement. You should consult a tax advisor if you have any questions about the tax consequences of the proposed Settlement.

5. <u>Need to Promptly Cash Payment Checks.</u> The front of every check issued for Individual Class Payments, Individual Collective Payments, and Individual PAGA Payments will show the date when the check expires (the void date). If you don't cash it by the void date, your check will be automatically cancelled, and the monies transmitted to a non-profit organization approved by the Court.

6. <u>Requests for Exclusion from the Class Settlements (Opt-Outs).</u> You will be treated as a Participating Class Member, participating fully in the Class Settlement, unless you notify the Administrator in writing, not later than _____ , that you wish to opt-out. The way to notify the Administrator is to send a written and signed Request for Exclusion by the _____ Response Deadline. The Request for Exclusion should be a letter from a Class Member or his/her representative setting forth a Class Member's name, present address, telephone number, signature and a simple statement electing to be excluded from the Settlement. Excluded Class Members (i.e., Non-Participating Class Members) will not receive Individual Class Payments, but will preserve their rights to personally pursue wage and hour claims against DEFENDANT.

You cannot opt-out of the PAGA portion of the Settlement. Class Members who exclude themselves from the Class Settlements (Non-Participating Class Members) remain eligible for Individual PAGA Payments and are required to give up their right to assert PAGA claims against DEFENDANT based on the PAGA Period facts alleged in the Action.

7. <u>The Proposed Settlement Will be Void if the Court Denies Final Approval.</u> It is possible the Court will decline to grant Final Approval of the Settlement or decline to enter a Judgment. It is also possible the Court will enter a Judgment that is reversed on appeal. Plaintiff and DEFENDANT have agreed that, in either case, the Settlement will be void:

DEFENDANT will not pay any money and Class Members will not release any claims against DEFENDANT.

8.  <u>Administrator.</u> The Court has appointed a neutral company, IYLM Group, Inc., (the "Administrator") to send this Notice, calculate and make payments, and process Class Members' Requests for Exclusion. The Administrator will also decide any Class Member Challenges over Workweeks, mail and re-mail settlement checks and tax forms, and perform other tasks necessary to administer the Settlement. The Administrator's contact information is contained in Section 9 of this Notice.

9.  <u>Participating Class Members' Release.</u> After the Judgment is final and DEFENDANT has fully funded the Gross Settlement, all Participating Class Members will be legally barred from asserting any of the claims released under the Settlement. Any Participating Class Members will be bound by the following release:

>   Upon the Settlement Date, and except as to such rights or claims as may be created by the Settlement Agreement, Plaintiff and each Participating Class Member (the "Releasing Parties") fully releases and discharges DHI Mortgage Company Ltd L.P., its present, former, and future parents, subsidiaries, affiliates, predecessors, successors and assigns, and each of their respective past and present members, shareholders, directors, officers, employees, agents, servants, registered representatives, insurers and attorneys (collectively hereafter, the "Released Parties") from any and all claims, debts, liabilities, demands, obligations, guarantees, actions, or causes of action of whatever kind or nature, whether known or unknown, that arise out of or reasonably relate to the factual allegations in the operative complaints and the prior complaints in this matter including claims for failure to pay all wages due, including minimum wages and overtime; failure to provide meal and rest periods, failure to furnish accurate itemized wage statements; and failure to pay all wages due to discharged and quitting employees; breach of written contract for alleged failure to pay allegedly earned commissions at termination; and breach of the implied covenant of good faith and fair dealing related to same. The released claims include, but are not limited to, claims brought under state , the California Labor Code, California Business and Professions Code sections 17200-17208, and the Industrial Welfare Commission Wage Order. Such claims include claims for wages, statutory penalties, civil penalties, damages, liquidated damages, or other relief under the California Labor Code, PAGA, relief from unfair competition under California Business and Professions Code section 17200 *et seq.*; attorneys' fees and costs; and interest. ("Class Members' Released Claims").

10. <u>Participating Collective Members' Release:</u> After the Judgment is final and Defendant has fully funded the Gross Settlement, all Participating Collective Members will be legally barred from asserting any of the claims released under the Settlement. Any Participating Collective Members will be bound by the following release:

>   Upon the Settlement Date, and except as to such rights or claims as may be created by this Agreement, Plaintiff and each Participating Collective

Member (the "**Releasing Parties**") fully releases and discharges the Released Parties from any and all claims, debts, liabilities, demands, obligations, guarantees, actions, or causes of action of whatever kind or nature, whether known or unknown, that arise out of or reasonably relate to the factual allegations in the operative complaints and the prior complaints in this matter including claims for failure to pay all wages due, including minimum wages and overtime; failure to keep required, and accurate records of all hours worked. The released claims include, but are not limited to, claims brought under federal law, the FLSA.  Such claims include claims for wages, statutory penalties, damages, liquidated damages, or other relief under the  FLSA, attorneys' fees and costs; and interest. ("**Collective Members' Released Claims**").

11. <u>Aggrieved Employees' PAGA Release</u>. After the Court's judgment is final, and DEFENDANT has paid the Gross Settlement, all Aggrieved Employees will be barred from asserting PAGA claims against DEFENDANT, whether or not they exclude themselves from the Class Settlement and whether or not they opted into the Collective Settlement. The Aggrieved Employees' Release for Participating and Non-Participating Class Members, and Participating and Non-Participating Collective Members is as follows:

> The State of California and all PAGA Group Members shall release claims for civil penalties under PAGA under Labor Code sections 201, 202, 203, 204, 210, 212, 223, 225.5, 226(a), 226.3, 226.7, 256, 510, 512, 558, 1194, 1197, 1197.1, 1198, 1199, 2699(f) that arise out of or reasonably relate to the factual allegations in the operative complaints, the notice letters to the California Labor Workforce and Development Agency ("<u>LWDA</u>"), and the prior complaints in the PAGA Action. ("PAGA Members' Released Claims"). All PAGA Group Members shall release such claims for civil penalties under PAGA and will receive a portion of the amount set aside as PAGA penalties, regardless of whether they opt out of the Class Settlement or whether they opt into the Collective Settlement.

## 4. HOW WILL THE ADMINISTRATOR CALCULATE MY PAYMENT?

1. <u>Individual Class Payments.</u> The Administrator shall assign to each Class Member a "Settlement Ratio," which shall be a fractional number comprised of (i) that person's Individual Work Weeks as the numerator, and (ii) the aggregate total of all Class Members' Individual Work Weeks as the denominator. The Claims Administrator shall assign to each Settlement Class Member the "Settlement Share" which shall be calculated by multiplying that Settlement Class Member's Settlement Ratio by the amount allocated to Class Members from seventy five percent (75%) of the Net Settlement Amount.

2. <u>Individual Collective Payments. The </u>Administrator shall assign to each Collective Member a "Settlement Ratio," which shall be a fractional number comprised of (i) that person's Individual Work Weeks as the numerator, and (ii) the aggregate total of all Collective Members' Individual Work Weeks as the denominator. The Claims Administrator shall assign to each Collective Member the "Settlement Share" which shall be calculated by

multiplying that Collective Member's Settlement Ratio by the amount allocated to Collective Members from twenty-five percent (25%) of the Net Settlement Amount.

3. <u>Individual PAGA Payments</u>. PAGA Group Members will receive a pro rata share of the $5,000 portion of the $20,000 PAGA payment.

4. <u>Workweek/Pay Period Challenges</u>. The number of Class Workweeks and Collective Workweeks you worked during the Class Period and Collective Workweek, respectively, as recorded in DEFENDANT's records, are stated in the first page of this Notice. You have until____to challenge the number of Workweeks credited to you. You can mail your challenge by signing and sending a letter to the Administrator. Section 9 of this Notice has the Administrator's contact information.

You need to support your challenge by sending copies of pay stubs or other records. The Administrator will accept DEFENDANT's calculation of Workweeks based on DEFENDANT's records as accurate unless you send copies of records containing contrary information. You should send copies rather than originals because the documents will not be returned to you. The Administrator will resolve any Workweek challenges based on your submission. The Administrator's decision is final. You can't appeal or otherwise challenge its final decision.

**5. HOW WILL I GET PAID?**

1.<u>Participating Class and Collective Members.</u> The Administrator will send, by U.S. mail, a check to every Participating Class Member (i.e., every Class Member who doesn't opt-out) and Collective Member (i.e. every Class Member who opts-in) including those who also qualify as Aggrieved Employees. The check will combine the Individual Class Payment, Individual Collective Payment, and the Individual PAGA Payment.

2.<u>Non-Participating Class and/or Collective Members.</u> The Administrator will send, by U.S. mail, a single Individual PAGA Payment check to every Aggrieved Employee who opts out of the Class Settlement (i.e., every Non-Participating Class Member) and/or does not opt into the Collective Settlement (i.e. every Non-Participating Collective Member).

**Your check will be sent to the same address as this Notice. If you change your address, be sure to notify the Administrator as soon as possible. Section 9 of this Notice has the Administrator's contact information.**

**6.  HOW DO I OPT-OUT OF THE CLASS SETTLEMENT?**

Mail a written and signed letter with your name, present address, telephone number, signature and a simple statement that you do not want to participate in the Settlement. **You must send your postmarked request to be excluded to the Administrator by_____ , or it will be invalid.** Section 9 of the Notice has the Administrator's contact information.

### 7.  HOW DO I OBJECT TO THE SETTLEMENT?

Only Participating Class Members have the right to object to the Settlement. Before deciding whether to object, you may wish to see what Plaintiff and DEFENDANT  are asking the Court to approve. At least 16 days before the Final Approval Hearing, Class Counsel and/or Plaintiff will file in Court (1) a Motion for Final Approval that includes, among other things, the reasons why the proposed Settlement is fair, and stating (i) the amount Class Counsel is requesting for attorneys' fees and litigation expenses; and (ii) the amount Plaintiff is requesting as a Class Representative Service Award.

A Participating Class Member who disagrees with any aspect of the Agreement or the Motion for Final Approval may wish to object, for example, that the proposed Settlement is unfair, or that the amounts requested by Class Counsel or Plaintiff are too high or too low.  You can ask the Court to deny approval by filing a timely objection.  But you can't ask the Court to order a different settlement.  The Court can only approve or reject the settlement. If the Court denies approval, no settlement payments will be sent out, and the lawsuit will continue.  If that is what you want to happen, you can object.

**The deadline for sending written objections to the Administrator is ____, as shown by postmark**. Be sure to tell the Administrator what you object to, why you object, any legal support and any facts that support your objection. Any objection must state whether it applies only to the objector, to a specific subset of the class, or to the entire class, and also state with specificity the grounds for the objection. Make sure you identify the action *Ahlstrom v. DHI Mortgage Company Ltd. L.P.* and include your name, current address and the dates of your employment with Defendant. Section 9 of this Notice has the Administrator's contact information.

### 8.  HOW DO I INCLUDE MYSELF IN THE FLSA SETTLEMENT?

The Collective Members in the Action are all DHI California non-exempt employees who worked as mortgage loan officers, loan originators, licensed loan originator assistants, and unlicensed loan originator assistants from March 27, 2016 through the date of conditional approval.  In order to be included in the FLSA Settlement, you must complete and mail to the Settlement Administrator a signed "Consent to Join Settlement" form, [**postmarked no later than 45 days after mailing of class notice].**  A copy of the form is included in this notice packet.  If you submit a completed Consent to Join Settlement form by the deadline, you will be included in the FLSA Settlement.  If you do not timely submit your Consent to Join Settlement form, you will be excluded from the FLSA Settlement, but you will retain the right you may have, if any, to pursue an FLSA claim against Defendant.

### 9.  CAN I ATTEND THE FINAL APPROVAL HEARING?

You can, but don't have to, attend the Final Approval Hearing on _____ at_____ in Courtroom 3 of the United States District Court Northern District of California San Jose Courthouse, located at 280 South 1st Street, San Jose, CA 95113. At the Hearing, the judge will decide whether to grant Final Approval of the Settlement and how much of the Gross Settlement will be paid to Class Counsel, Plaintiff, and the Administrator. The Court will

invite comment from objectors, Class Counsel and Defense Counsel before making a decision. You can attend (or hire a lawyer to attend).

It's possible the Court will reschedule the Final Approval Hearing without further notice to the class. You should check the Administrator's website beforehand or the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov and entering the case number 5:19-cv-03435-BLF or contact Class Counsel to verify the date and time of the Final Approval Hearing.

### 10.        HOW CAN I GET MORE INFORMATION?

This notice summarizes the proposed settlements. For the precise terms of the settlements, please see the settlement agreements and documents available at www._____.com, by contacting class counsel or the settlement administrator (contact information below), by accessing the Court docket in this case, for a fee, through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov, or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 280 South 1st Street, San Jose, CA 95113, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

<u>Class Counsel</u>:
Shaun Setareh
SETAREH LAW GROUP
9665 Wilshire Blvd., Suite 430
Beverly Hills, California 90212
(310)888-7771

Settlement Administrator:
Email Address:
Mailing Address:
Telephone:
Fax Number:

### 10. WHAT IF I LOSE MY SETTLEMENT CHECK?

If you lose or misplace your settlement check before cashing it, the Administrator will replace it as long as you request a replacement before the void date on the face of the original check. If your check is already void you will have no way to recover the money.

### 11. WHAT IF I CHANGE MY ADDRESS?

To receive your check, you should immediately notify the Administrator if you move or otherwise change your mailing address.

## eSignature Details

---

**Signer ID:**          **qhHSPpXu59izM8TXKykTgmpV**
Signed by:              Shaun Setareh
Sent to email:          shaun@setarehlaw.com
IP Address:             104.180.15.40
Signed at:              Jul 18 2024, 11:41 am PDT


**Signer ID:**          **Ao23zr2FSpmpmgdcdBUo3b98**
Signed by:              Kianna L Ahlstrom
Sent to email:          Kiannaahlstrom77@gmail.com
IP Address:             76.147.100.43
Signed at:              Jul 18 2024, 11:55 am PDT